## BROWN *v.* HENDERSON.

### Opinion delivered March 25, 1899.

PUBLIC DITCH—REVIEWERS' REPORT CONCLUSIVE.—In a statutory proceeding to have a ditch constructed under an order of the county court, a report of the reviewers, finding that the ditch would not be of public benefit or utility, is conclusive, and the court is bound to dismiss the proceeding, and tax the costs against the petitioner. (Page 303.)

Appeal from Monroe Circuit Court.

JAMES S. THOMAS, Judge.

#### STATEMENT BY THE COURT.

A. Brown filed a petition in the county court of Monroe county, asking said court to order the construction of a ditch across certain lands in said county. The county court, in obedience to the statute, appointed viewers to examine the line of the proposed ditch and make report thereon, and said viewers reported in favor of the construction of said ditch. Afterwards R. M. Henderson and others filed a remonstrance against said proposed ditch as located by the viewers, and the county court appointed reviewers to review the action and report of the viewers, and said reviewers, after performing said duty, reported to the court that said ditch would not be of public benefit and utility, and recommended that said ditch "be not allowed or opened."

Petitioner Brown thereupon excepted to the report of the reviewers, but the court dismissed his petition, on the ground that the reviewers had reported that the said ditch would not

be of public benefit and utility, and against its construction. Brown appealed to the circuit court, but that court sustained the action of the county court, and dismissed the petition for the same reason.

*Grant Greene, Jr.*, for appellant.

It was the duty of the circuit court to try the case *de novo*, upon the issues presented on the report of the receivers and exceptions thereto, as, also, upon the motion to dismiss and response thereto. Sand. & H. Dig. §§ 1216, 1264, 1269. Upon these issues either party is entitled to a trial by jury. 5 N. E. 732; 8 N. E. 232; 31 N. E. 569.

*M. J. Manning* and *J. P. Lee*, for appellees.

Upon adverse report of the reviewers, the court should dismiss the petition. Acts 1891, p. 286, § 7. By submitting whatever issue of fact there was to the court, appellant waived a jury trial. 57 Ark. 590. The motion to dismiss was an *ex parte* one, and no appeal lies. 15 Am. & Eng. Enc. Law, 895.

RIDDICK, J., (after stating the facts.) The only question presented by this appeal is whether, in a statutory proceeding to have a ditch constructed under an order of the county court, a report of the reviewers finding that the ditch would not be of public benefit or utility is conclusive upon petitioner. The circuit as well as the county court held in this case that such report was final, and refused to hear evidence to the contrary to show that the ditch would be of public utility. We are of the opinion that this ruling was correct. The statute provides that, upon the filing of the petition and a bond conditioned to pay all expenses, if the county court shall fail to establish the ditch, the county court shall appoint viewers to make a survey of the line of the proposed ditch. If these viewers report against the proposed work, the statute expressly requires the court to dismiss the petition, and tax the costs against the petitioner. Sand. & H. Dig. § 1209. If they report in favor of the construction of the ditch, the statute then requires notice to be given to the owners of lands affected by such work. Any person interested in the location of the proposed ditch may then file a remonstrance against the construction of the ditch, and, upon giving

bond conditioned to pay all costs and expenses occasioned by the remonstrance if the action of the viewers be sustained by reviewers, the county court is required to appoint reviewers to review the action and report of the viewers. If the reviewers sustain the action of the viewers, and report in favor of the ditch, the statute provides that the court shall "establish the same as described in the report of the viewers as it finds the same corrected or changed in the report of the reviewers." Sand. & H. Dig. § 1214. This shows that if the ditch is established after the report of the reviewers, it must be in accordance with said report, and, as the report of the reviewers in this case was against the construction of the ditch, it cannot be established.

Again, the law provides that if the ditch is established, the costs of locating the same shall be apportioned and taxed against the owners of the land assessed for the construction of the ditch (Sand. & H. Dig. § 1215); but another section provides that if the reviewers find the ditch not to be of public benefit or utility, the entire costs shall be taxed against the petitioners (Sand. & H. Dig. § 1213). This also shows that a finding by the reviewers against the construction of the ditch was intended to be final, and precludes further investigation, so far as that proceeding is concerned. For, if the intention was not to make an adverse finding of the reviewers conclusive of the question submitted to them, the statute would not have required all costs to be taxed against the petitioner upon the return of such a report and finding. We are of opinion, therefore, that when a report by the reviewers against the construction of a proposed ditch has been regularly made and in due form, the county court must dismiss the proceeding, and tax the costs against the petitioner. The statute, in this respect, is similar to that under which public highways may be laid out and established, and where an adverse report, either by the viewers or reviewers, is conclusive, and ends the proceeding. If the petitioner has any remedy after such adverse finding, it is by filing another petition and bond, and commencing a new proceeding. *Jones* v. *Duffy*, 119 Ind. 440.

No question is raised here as to the regularity of the action or report of the viewers, but only as to the correctness of their

finding.   Being of the opinion that the petitioner cannot question such finding in that respect, when regularly made, the judgment of the circuit court sustaining same is affirmed.